UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JAMES MARQUIS SPENCER,

        Plaintiff,

v.

DANIEL ADAMS,

        Defendant.
_____/

Case No. 1:19-cv-873

Honorable Paul L. Maloney

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## **Discussion**

### I.     Factual allegations

Plaintiff presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. The

events about which he complains, however, occurred while he was housed at the Kent County Correctional Facility. Plaintiff sues Grand Rapids Police Detective Daniel Adams.

Plaintiff's complaint is not a model of clarity. The following facts appear to form the basis for his complaint.

After A bench trial in the Kent County Circuit Court in 2012, Plaintiff was convicted of one count of first-degree criminal sexual conduct (CSC I), Mich. Comp. Laws § 750.520b. The conviction arose out of conduct that occurred on January 1, 2006.

Plaintiff alleges that, on February 22, 2010, while he was being held in the Kent County Correctional Facility awaiting sentencing on his guilty plea to carrying a concealed weapon, Mich. Comp. Laws § 750.227, he was called out for an interview with Defendant Adams. Apparently, Plaintiff's DNA, which had been collected at the time of his conviction, had been found to match a DNA sample taken from the victim in the January 1, 2006, sexual assault.

Defendant Adams told Plaintiff that he had a search warrant authorizing the taking of another sample of Plaintiff's DNA. According to Plaintiff, Defendant Adams stated that the warrant was signed by Magistrate Hartley, which is consistent with the follow-up police report attached to the complaint. (ECF No. 1-1, PageID.12.) Plaintiff contends that Defendant Adams made false statements in his pursuit of a search warrant for Petitioner's DNA sample. He argues that, because a district court clerk advised Plaintiff that no hearing was held on February 22, 2010, Defendant Adams was not truthful in saying that he swore his affidavit supporting the warrant in front of Magistrate Hartley on that date.

Plaintiff contends that Defendant made false statements in violation of the Fourth Amendment, that Defendant has been deliberately indifferent to Plaintiff's medical needs

(apparently by taking a nonconsensual DNA sample), and that Defendant has committed the state tort of intentional infliction of emotional distress.

Plaintiff seeks unspecified declaratory and injunctive relief, as well as compensatory and punitive damages.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To the extent that Plaintiff seeks injunctive relief in the form of release from his incarceration by the State of Michigan, he is not entitled to relief in this action. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *see also Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

To the extent Plaintiff now seeks declaratory and monetary relief for alleged violations of his Fourth Amendment rights, his claim is barred by *Heck v. Humphrey*, 512 U.S.

4

477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief).

Plaintiff's allegations about the validity of the search warrant were integral to his criminal conviction. *See Jacob v. Twp. of West Bloomfield*, 531 F.3d 385, 388 (6th Cir. 2008) ("Fourth Amendment claims arising out of searches occurring prior to Plaintiff's guilty plea [are] precluded by *Heck v. Humphrey*, [512 U.S. at 487], on the grounds that a civil suit holding that these searches were improper would undermine the basis of Petitioner's guilty plea and sentence."); *see also Hayward v. Cleveland Clinic Foundation*, 759 F.3d 601, 609-14 (6th Cir. 2014) (holding that *Heck* barred the plaintiff's civil rights action that police used excessive force in making an arrest where the plaintiff was convicted of resisting arrest based on the same underlying exercise of force); *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 398-99 (6th Cir. 1999)

5

(holding that, where an allegedly illegal search produced evidence used to obtain a conviction, the convicted cannot bring a § 1983 claim challenging the search until the conviction is overturned), *overruled in other part, Wallace v. Kato*, 549 U.S. 384, 393 (2007) (recognizing that *Heck* bars the pursuit of a Fourth Amendment arrest claim until the conviction is overturned, but concluding that the action accrues at the time of the arrest).

Plaintiff's allegations, which challenge the taking of DNA evidence used at his trial, clearly call into question the validity of his conviction. Therefore, his action is barred under *Heck* until his criminal conviction has been invalidated. A court's dismissal of a claim on the basis that it is barred by *Heck v. Humphrey* is properly considered a dismissal under 28 U.S.C. § 1915(g) because it fails to state a claim on which relief can be granted. *See Hunt v. Michigan*, 482 F. App'x 20, 22 (6th Cir. 2012) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Morris v. Cason*, 102 F. App'x 902, 903 (6th Cir. 2004) (same).

Moreover, even if Plaintiff's action were not barred by *Heck*, his action would fail, because it is time-barred. State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* Mich. Comp. Laws § 600.5805(2); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). The same limitations period applies to state-law claims of intentional infliction of emotional distress. *See Lemmerman v. Fealk*, 534 N.W.2d 695, 697 (Mich. 1995); *Campos v. Oldsmobile Div., Gen. Motors Corp.*, 246 N.W.2d 352, 354 (Mich. 1976).

Accrual of the claim for relief is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of

limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220.[1]

Plaintiff's complaint is untimely. In *Wallace*, 549 U.S. 384, the Supreme Court held that the statute of limitations for a § 1983 claim seeking damages for a search or seizure in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Id.* at 397. Plaintiff asserts claims arising in 2010, when Plaintiff was detained on the CSC-I charges. With the exercise of due diligence, Plaintiff had reason to know of the "harms" done to him at the time they occurred or shortly thereafter, when discovery for his criminal conviction would have revealed the police report. Plaintiff, however, did not file his complaint until October 2019, well past Michigan's three-year limit.

Moreover, Michigan law no longer tolls the running of the statute of limitations when a plaintiff is incarcerated. *See* Mich. Comp. Laws § 600.5851(9). Further, it is well established that ignorance of the law does not warrant equitable tolling of a statute of limitations. *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991); *Mason v. Dep't of Justice*, No. 01-5701, 2002 WL 1334756, at *2 (6th Cir. June 17, 2002).

Because his claim is time-barred, Plaintiff's action is properly dismissed for failure to state a claim. *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show

---

[1] 28 U.S.C. § 1658 created a "catch-all" limitations period of four years for civil actions arising under federal statutes enacted after December 1, 1990. The Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), which applied this federal four-year limitations period to a suit alleging racial discrimination under § 1981 does not apply to prisoner claims under 28 U.S.C. §1983 because, while § 1983 was amended in 1996, prisoner civil rights actions under § 1983 were not "made possible" by the amended statute. *Id.* at 382.

that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . .").

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). The Court does not certify that an appeal would not be in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:   November 13, 2019                    /s/ Paul L. Maloney
                                                                  Paul L. Maloney
                                                                  United States District Judge